IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICKY ALLEN FLOYD, § | |
| TDCJ-CID NO. 894812, § | |
| Petitioner, § | |
| v. § | CIVIL ACTION NO. H-15-0925 |
| § | |
| WILLIAM STEPHENS § | |
| Respondent. § | |

## MEMORANDUM AND ORDER ON DISMISSAL

Petitioner Ricky Allen Floyd, a state inmate incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division's (TDCJ-CID) Jordan Unit, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a disciplinary conviction at the Pack-I Unit. (Docket No. 1.) After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed.

## BACKGROUND AND CLAIMS

Petitioner was convicted of aggravated sexual assault of a child and sentenced to a prison term of thirty years on October 6, 1999, in the 180th Judicial District Court of Harris County, Texas (Cause No. 724055). (Docket No. 1 at 2.) On January 7, 2015, Petitioner was convicted of the disciplinary offense of assaulting a corrections officer at the Pack-I Unit. (Id. at 5.) He was punished with forty-five days commissary and recreation restriction; fifteen days solitary confinement and phone

restriction; reduction in line class from L1 to L3; and forfeiture of 100 days of previously earned "good-time" credit. (Id.) Petitioner filed grievances regarding the conviction which were denied. (Id. at 5-6.)

In the present habeas action, Petitioner contends his rights under the Due Process Clause of the Fourteenth Amendment were violated because there was insufficient evidence to support his disciplinary conviction. (Id. at 6-7.) Petitioner seeks reversal of his disciplinary conviction and all penalties imposed, including restoration of his line class and custody status. (Id. at 7.)

## ANALYSIS

In the disciplinary hearing context, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). In addition to the procedural safeguards articulated in Wolff, disciplinary sanctions imposed by prison officials must be supported by "some evidence" to be consistent with due process. Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 457 (1985). However, prisoners charged with institutional rules violations are entitled to protection under the Due Process Clause only when the disciplinary action may result in a sanction that infringes upon a constitutionally protected liberty interest. See Sandin v. Conner,

515 U.S. 472 (1995). Such liberty interests emanate from either the Due Process Clause itself or from state law. *See* <u>Kentucky Dept. of Corrections v. Thompson</u>, 490 U.S. 454, 460 (1989).

In Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a constitutionally protected liberty interest. <u>Malchi v. Thaler</u>, 211 F.3d 953, 957-58 (5th Cir. 2000). Sanctions that are "merely changes in the conditions of [an inmate's] confinement," such as short-term solitary confinement, visitation and commissary restrictions, and changes in privilege levels, do not implicate federal due process concerns. <u>Madison v. Parker</u>, 104 F.3d 765, 768 (5th Cir. 1997).

In this case, although Petitioner states that he forfeited 100 days of good-time credit based on his disciplinary conviction, he acknowledges that he is not eligible for release on mandatory supervision. (Docket No. 1 ¶ 16.) Therefore, Petitioner has not shown that his challenged disciplinary conviction implicated any constitutionally protected liberty interest and his petition does not raise a cognizable federal habeas claim.

<u>CERTIFICATE OF APPEALABILITY</u>

A Certificate of Appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a Certificate of Appealability, *sua sponte*, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability from this decision will be denied.

4

CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's application for writ of habeas corpus (Docket No. 1) is DENIED.

2. This action is DISMISSED with prejudice for failure to state a claim.

3. A Certificate of Appealability is DENIED.

4. All pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on April 13, 2015.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE